524 P.2d 965

Walter E. FEATHERMAN, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Phelps Dodge Corporation, Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 1 CA–IC 925.

Court of Appeals of Arizona, Division 1, Department A.

July 25, 1974.

Rehearing Denied Sept. 16, 1974.

Review Granted Oct. 22, 1974.

Gorey & Ely by Joseph M. Bettini, Phoenix, for petitioner.

William C. Wahl, Jr., Former Chief Counsel, The Industrial Commission of Ariz., Phoenix, for respondent.

Evans, Kitchel & Jenckes, P. C. by Leon D. Bess and Arne M. Rovick, Phoenix, for respondent-employer.

Robert K. Park, Chief Counsel, State Compensation Fund, Phoenix, for respondent-carrier.

## OPINION

DONOFRIO, Presiding Judge.

This case is before the Court by writ of certiorari to review the lawfulness of an award of The Industrial Commission of Arizona issued November 24, 1972 affirming an award of noncompensable claim under both the Workmen's Compensation Law and the Occupational Disease Disability Act.

The petitioner made a timely request for hearing, alleging:

" . . . evidence of record shows applicant became totally disabled as a direct result of occupational disease, to wit, silicosis, arising out of his employment, within the meaning of Title 23, Chapter 7, Arizona Revised Statutes; in the alternative, the aforesaid silicosis was caused by accident arising out of and in the course of the applicant's employment under the principle of 'gradual injury'."

This is, in essence, a claim for compensation under both the Occupational Disease Disability Act (Title 23, Chapter 7, A.R.S.) and the Workmen's Compensation Law (Title 23, Chapter 6, A.R.S.). The award is based upon the finding of the hearing officer that the evidence did not show that petitioner's total disability resulted within two years from the last day upon which the employee actually worked, as required by the Occupational Disease Disability Act. He also found that petitioner was precluded from recovery under the Workmen's Compensation Law.

The sole issue, therefore, is whether a "disease" which does not meet the specific requirements of the Occupational Disease Disability Act (i. e., total disability which does not result within two years from the last day upon which the employee actually worked) is compensable as an "accidental injury" under the Workmen's Compensation Law.

Since this case was briefed, the Arizona Supreme Court rendered its opinion in Marquez v. Industrial Commission, 110 Ariz. 273, 517 P.2d 1269 (1974). We believe that Marquez, supra, disposes of the issue herein posed in the affirmative.

In Marquez this Division of the Court of Appeals had held that where decedent's silicosis was not compensable because dece-

dent had not worked the requisite number of shifts within the ten-year period prior to death, death from a heart attack caused by silicosis was also not compensable under the Occupational Disease Disability Act. The Supreme Court reversed the Court of Appeals and held that the failure of decedent to work the statutorily required 1200 shifts for his survivors to be entitled to death benefits for silicosis did not preclude award to survivors for such benefits under the Workmen's Compensation Law. The court said:

" . . . The precise question presented, therefore, is whether a physical condition of a workman defined by the Legislature as a disease, which is caused, at least in part, by the workman's employment, can be considered accidental so as to compel payment of compensation under Arizona's Constitution." 517 P.2d at 1270

The opinion then states:

"We conclude that while it is to be recognized that there is authority to the contrary, this State has clearly been committed to the view over many years that the inhalation of poisonous compounds and dust having a detrimental effect upon the lungs and other vital organs is compensable under Article 18 § 8, of Arizona's Constitution. We think this is true where there has been a sudden onslaught of damage from silicon dust as in Pero v. Collier-Latimer, Inc., 49 Wyo. 131, 52 P.2d 690 (1935), *or where there is a gradual deterioration through protracted exposure and an accident has been found by treating each impact or inhalation of silicon dust as a miniature accident in itself leading to the ultimate disability*, Brown v. St. Joseph Lead Company, 60 Idaho 49, 87 P.2d 1000 (1939). [other citations omitted]" (emphasis ours) 517 P.2d at 1271

Respondents argue that when an employee suffers an occupational disease his sole remedy for compensation therefor is under that law. In other words, the employee's remedy is exclusive and should he fail to meet the statutory prerequisites for benefits under that law, he cannot be heard to claim benefits under the more liberal Workmen's Compensation Law. In our opinion, this is the exact question the court was confronted with in Marquez and decided it contrary to the respondent's contention. The Supreme Court cited with approval Dunlap v. Industrial Commission, 90 Ariz. 3, 363 P.2d 600 (1961), holding that the terms "disease" and "accident" are no longer considered mutually exclusive.

In view of the holding in Marquez that the categorization of a condition as a disease under the Occupational Disease Disability Act does not necessarily exclude the condition as compensable under the Workmen's Compensation Law, we are compelled to set aside the award.

Award set aside.

HAIRE and STEVENS, JJ., concur.