537 P.2d 922

**Walter E. FEATHERMAN, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Phelps Dodge Corporation, Respondent, Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. 11763–PR**

Supreme Court of Arizona, In Banc.

July 15, 1975.

Rehearing Denied Sept. 16, 1975.

---

Gorey & Ely by Joseph M. Bettini, Phoenix, for petitioner.

William C. Wahl, Former Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Evans, Kitchel & Jenckes by Leon D. Bess, Arne M. Rovick, Phoenix, for respondent employer.

Robert K. Park, Chief Counsel, State Compensation Fund, Phoenix, for respondent carrier.

STRUCKMEYER, Vice Chief Justice.

Petitioner, Walter E. Featherman, was employed by respondent Phelps Dodge Corporation from July 9, 1936 through June 29, 1969. On March 1, 1972, he filed a report of injury, claiming benefits under the "Workmen's Compensation Act and/or Occupational Disease Law." On October 5, 1972, the hearings officer for the Industrial Commission entered an award for a non-compensable claim. After a motion for rehearing was denied and the decision upon review affirmed, certiorari was taken to the Court of Appeals. The Court of Appeals set aside the award, 22 Ariz.App. 131, 524 P.2d 965 (1974). We accepted review. Decision of the Court of Appeals vacated.

Petitioner is disabled by silicosis. Silicosis is compensable under Arizona's Occupational Disease Law, A.R.S. § 23–1101 et seq., under some circumstances. Petition-er, however, is not eligible, because by A.R.S. § 23–1107A(3), compensation may not be paid for silicosis unless total disability results within two years from the last day upon which the employee actually worked for the employer against whom compensation is claimed. He urges in the alternative that his silicosis was caused by accident arising out of and in the course of his employment and, as such, is compensable under Arizona's Workmen's Compensation Act, A.R.S. § 23–901 et seq. But we do not think so.

In In re Mitchell, 61 Ariz. 436, 150 P.2d 355 (1944), we said that an occupational disease is not compensable under the Workmen's Compensation Law, and *see also*, Industrial Commission v. Frohmiller, 60 Ariz. 464, 140 P.2d 219 (1943), and Bates v. Linde, 49 Ariz. 192, 65 P.2d 655 (1937).

The Court of Appeals in setting aside the award, took the view that petitioner's claim was within the scope of Marquez v. Industrial Commission, 110 Ariz. 273, 517 P.2d 1269 (1974). That case was one in which the claimant was the widow of a deceased workman who died of cardiac failure induced by undue strain placed upon the heart because of a long-standing fibrotic condition of the lungs. We cited to a number of Arizona cases in which the inhalation of poisonous compounds and dust having a detrimental effect on the lungs and other vital organs was held to be compensable under the Workmen's Compensation Law. This was for the purpose of showing that in Arizona there need not be a sudden, unexpected or violent event resulting in injury. Those cases did not pass upon the question of whether the injuries suffered because of the inhalation of poisonous substances were compensable under Arizona's Occupational Disease Law. If that question was presented, it was not discussed. In In re Mitchell, *supra*, we specifically said that we had no occasion to determine whether the disability was covered under the Occupational Disease Law.

**54**

We hold that since petitioner's specific disability is compensable as an occupational disease, he is excluded from compensation under the Workmen's Compensation Law.

The award of the Industrial Commission is affirmed.

CAMERON, C. J., and LOCKWOOD, HAYS and HOLOHAN, JJ., concur.