537 P.2d 613

**INSPIRATION CONSOLIDATED COPPER CO. and State Compensation Fund, Petitioners,**

**v.**

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Sylvia Montes Candelaria, widow, and Reyes N. Candelaria, Deceased, Respondent Employees.**

**No. I CA–IC 1161.**

Court of Appeals of Arizona, Division 1, Department C.

July 15, 1975.

Rehearing Denied Aug. 15, 1975.

Review Denied Oct. 14, 1975.

Ladendorff & Rood by John W. Rood, Phoenix, for petitioner Inspiration Consolidated Copper Co.

Robert K. Park, Chief Counsel, Phoenix, for petitioner State Compensation Fund.

Greg L. Folger, Chief Counsel, The Industrial Commission of Ariz., Phoenix, for respondent.

Donald J. Morgan, Phoenix, for respondent Sylvia Montes Candelaria.

*OPINION*

NELSON, Presiding Judge.

On March 5, 1972, Reyes N. Candelaria (Candelaria) died of congestive heart failure described medically as cor pulmonale. The cardiac failure was induced by an undue strain placed upon the heart because of a long standing fibrotic condition of the lungs. Although this latter condition was, according to the medical testimony, caused primarily by excessive cigarette smoking over many years, viewing the medical testimony in a light most favorable to upholding the award of the Industrial Commission, *Micucci v. The Industrial Commission of Arizona*, 108 Ariz. 194, 494 P.2d 1324 (1972), a lung condition known as silicatosis (not silicosis or asbestosis) probably contributed to Candelaria's death. See also: *State Compensation Fund v. The Industrial Commission of Arizona*, 24 Ariz. App. 31, 535 P.2d 623 (1975).

Candelaria's wife filed a claim for workmen's compensation benefits on behalf of herself, as widow, and on behalf of her four minor children. The claim was denied by the State Compensation Fund (Carrier) and Candelaria sought a hearing. As a result of the hearing, the Industrial Commission of Arizona entered an award for death benefits. This award was affirmed on review by the hearing officer and the matter is now before this Court. There being no evidence to support the hearing officer's conclusion that Candelaria was exposed to harmful quantities of silica dust as a result of his employment with Inspiration Consolidated Copper Company (Inspiration), the award must be set aside.

The hearing officer misconstrued the impact of the then two month old decision of the Arizona Supreme Court in *Marquez v. The Industrial Commission of Arizona,* 110 Ariz. 273, 517 P.2d 1269 (1974). While *Marquez,* supra, certainly changed the law and allowed workmen's compensation benefits to be awarded in cases such as this one on the basis of "accidental" injury as opposed to the sole theory of occupational disease, it in no way changed the necessity of proving an accident arising out of and occurring within the course of employment. A.R.S. § 23–1021; Ariz.Const., Article 18 § 8, A.R.S.

In *Marquez,* supra, the deceased had been exposed to harmful quantities of silicon dioxide dust during the course of his employment. While the hearing officer in this case made the following finding:

"6. While the deceased employee was working on the surface he was exposed to a typical desert environment in which general mining operations were being conducted, and it is reasonable to infer therefrom that during this time he was exposed to harmful quantities of silica dust."

there is simply no evidence in the record to support the inference.

All of the testimony indicated that the mining operation conducted by Inspiration at the site in question did not create any appreciable dust, either on the surface or below ground. There is no evidence whatsoever as to the quantity of silicon dioxide, if any, in the general dust in the area, *Phelps Dodge Corporation v. Ford,* 68 Ariz. 190, 203 P.2d 633 (1949), nor is there any evidence that Candelaria was, because of his employment, exposed to any greater amount of dust than the people in the area generally. *Inspiration Consolidated Copper Company v. The Industrial Commission of Arizona,* 85 Ariz. 204, 335 P.2d 416 (1959); see also: *Crawford v. The Industrial Commission of Arizona,* 23 Ariz. App. 578, 534 P.2d 1077 (1975); *O'Connor v. The Industrial Commission of Arizona,* 19 Ariz.App. 43, 504 P.2d 966 (1972); *Treadway v. The Industrial Commission of Arizona,* 69 Ariz. 301, 213 P.2d 373 (1950).

Without such evidence, there is no way to attribute Candelaria's lung condition (diagnosed not as silicosis, but as silicatosis, the lungs not retaining any of the silica dust in the pulmonary tissue, but clearing it into the hilar lymph nodes) to his employment. Without such a nexus, the award cannot stand. *Treadway v. The Industrial Commission of Arizona,* supra.

The award is set aside.

HAIRE, Chief Judge, Division 1, and STEVENS, J., concur.