543 P.2d 1148

**Porfirio TORREZ, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Hecla Mining Company, Respondent Employer,**

**Commercial Union Assurance Companies, Respondent Carrier.**

**No. 1 CA–IC 1303.**

Court of Appeals of Arizona,
Division 1,
Department C.

Dec. 23, 1975.

Philip Jones, Tucson, for petitioner.

Greg L. Folger, Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Jones, Teilborg, Sanders, Haga & Parks by William R. Jones, Jr., Phoenix, for respondents employer and carrier.

OPINION

NELSON, Presiding Judge.

On February 4, 1973, the petitioner, Porfirio Torrez (Torrez), was hospitalized in Tucson, Arizona for diagnostic studies. Dr. Morton Fuchs, a specialist in internal medicine diagnosed Torrez' condition as pulmonary fibrosis associated with silicosis.

Torrez had been a miner almost all of his adult life. He had worked in coal mines from 1942 to 1951 and in hard rock mines from 1951 until shortly before his hospitalization. He worked for the respondent Hecla Mining Company (Hecla) from early 1969 until January 29, 1973. Prior to July 1972, Torrez worked for Hecla in Wallace, Idaho. He was transferred to the Lakeshore Mine in Casa Grande in the summer of 1972.

Torrez filed a claim for workmen's compensation benefits on February 22, 1974, alleging a personal injury by accident arising out of and occurring in the course and scope of his employment with Hecla on January 29, 1973. The claim was denied by the carrier of Hecla, Commercial Union Assurance Companies (Carrier), on March 14, 1974. Torrez sought a hearing on the denial, the same being held in two segments on September 17 and September 30, 1974. On October 11, 1974, the hearing officer found that Torrez had not sustained an industrial injury or an aggravation of his admittedly preexisting fibrotic condition by reason of his mining activities while employed by Hecla at the Lakeshore Mine in Casa Grande. Torrez unsuccessfully sought review before the hearing officer, after which he brought the matter here for consideration. We affirm the award of the Industrial Commission of Arizona.

The hearing officer considered this case under the law of this jurisdiction as announced by the Arizona Supreme Court in *Marquez v. Industrial Commission of Arizona,* 110 Ariz. 273, 517 P.2d 1269 (1974) and as interpreted by this Court in its decision in *Featherman v. Industrial Commission of Arizona,* 22 Ariz.App. 131, 524 P.2d 965 (1974). Even under those decisions, which indicated that silicosis was compensable under the Arizona Workmen's Compensation Laws, as opposed to the then effective Occupational Disability and Disease Law, A.R.S. §§ 23–1101 et seq., repealed, Chap. 53, Sec. 4, Laws 1973, effective August 8, 1973, the hearing officer found that Torrez had not carried his burden of proof that he was exposed to harmful quantities of silicon dioxide at the Lakeshore Mine. See: *Inspiration Consolidated Copper Co. v. Industrial Commission of Arizona,* 24 Ariz.App. 228, 537 P.2d 613 (1975). Viewing the evidence in a light most favorable to upholding the award, *Micucci v. Industrial Commission of Arizona,* 108 Ariz. 194, 494 P.2d 1324 (1972), the hearing officer's conclusions are clearly supportable by the record.

In any event, on September 16, 1975, the Arizona Supreme Court vacated the Court of Appeals decision in *Featherman, supra,* and said that silicosis was specifically compensable as an occupational disease and therefore not compensable under the Workmen's Compensation Law. *Featherman v. Industrial Commission of Arizona,* 112 Ariz. 52, 537 P.2d 922 (1975). This decision would clearly exclude Torrez from claiming benefits under the Workmen's Compensation Laws as they existed at the time of his alleged injury in January, 1973. Even if we were to conclude that the claim was substantively governed by the new statute (contraindicated by Chap. 53, Sec. 3, Laws 1973, A.R.S. § 23–1073), the factual findings of the hearing officer would still support the award of a non-compensable claim, A.R.S. §§ 23–901.01 and 23–901.02.

The award is affirmed.

WREN and SCHROEDER, JJ., concur.