574 P.2d 478

**INSPIRATION CONSOLIDATED COP-
PER, and State Compensation
Fund, Petitioners,**

v.

**The INDUSTRIAL COMMISSION of
Arizona, Respondent,**

**Reyes M. Candelaria, Respondent
Employee.**

**No. 1 CA–IC 1654.**

Court of Appeals of Arizona,
Division 1,
Department C.

Nov. 8, 1977.

Rehearing Denied Jan. 12, 1978.

Review Denied Feb. 7, 1978.

John W. Rood, Phoenix, Robert K. Park, Chief Counsel, State Compensation Fund, Phoenix, for petitioners.

John H. Budd, Jr., Chief Counsel, The Industrial Commission of Ariz., Phoenix, for respondent.

Philips & Taylor, Christopher J. Philips, Phoenix, for respondent employee.

## OPINION

OGG, Presiding Judge, Department C.

The issues presented on this review of an award of the Industrial Commission are: 1) whether an employee's widow is entitled to workmen's compensation benefits when her husband's death was hastened by a heart condition suffered in the scope of employment but not covered by the Occupational Disease Disability Act, ARS § 23–1101, et seq; 2) whether the employee's widow met the burden of proof; and 3) whether reports admitted into evidence caused sufficient prejudice to mandate reversal.

On March 5, 1972, Reyes N. Candelaria died of a heart condition medically described as cor pulmonale. His widow filed a claim for benefits which was denied by the insurance carrier State Compensation Fund. On April 29, 1974, following a full hearing, the Industrial Commission awarded benefits to Mrs. Candelaria. This award, however, was set aside by this court in *Inspiration Consolidated Copper Co. v. Industrial Commission*, 24 Ariz.App. 228, 537 P.2d 613 (1975), because the widow had not met the burden of proof. Thereafter, a series of hearings took place and the hearing officer again awarded benefits to the widow. The employer now appeals that award.

The hearing officer found that the decedent's heart failure was induced by a long-standing fibrotic condition of the lungs which placed an undue strain on the heart. There was no finding of silicosis, a disease covered by the Occupational Disease Disability Act. The hearing officer did, however, find the fibrotic condition was caused in part by the employee's inhalation of silicon dioxide dust while he acted in the scope of his employment at the copper mine. The hearing officer found that compensation was proper under the Workmen's Compensation Act even though it could not be awarded under the Occupational Disease Disability Act.

■ The employer first argues that case law has established that when a worker's occupational disease does not meet the requirement of the Occupational Disease Disability Act, the worker does not have the option of bringing the action under the Workmen's Compensation Act.

The employer concedes that in *Marquez v. Industrial Commission*, 110 Ariz. 273, 517 P.2d 1269 (1974), the Arizona Supreme Court held that when a worker is exposed to harmful quantities of silicon dioxide dust and subsequently dies of heart failure due to longstanding strain on the heart, and that employee fails to meet the requirements of the Occupational Disease Disability Act, he may still recover under the Workmen's Compensation Act. The employer argues, however, that this decision has been modified by *Featherman v. Industrial Commission*, 112 Ariz. 52, 537 P.2d 922 (1975) and *State Compensation Fund v. Yazzie*, 25 Ariz.App. 89, 541 P.2d 415 (1975). Therefore, we must determine the effect, if any, which *Featherman* and *Yazzie* have on the principles announced in *Marquez*.

The facts in the three cases are essentially the same: an employee with a disease compensable under the Occupational Disease Disability Act but who does not meet all that Act's prerequisites, attempts to obtain workmen's compensation benefits. In *Marquez* the court held that a disease which is caused in part by the workman's employment can be considered accidental and compel payment of compensation under workmen's compensation pursuant to the mandate of Article 18 of the Arizona Constitution. Under *Marquez*, therefore, an employee could be compensated under workmen's compensation whether or not his disease was covered by the Occupational Disease Disability Act.

This ruling was modified by *Featherman* and *Yazzie*. The issue in those cases was

whether a specific condition defined in the Occupational Disease Disability Act is solely compensable under that Act or whether it may also be treated under workmen's compensation. In both cases it was held that compensation was limited to the Occupational Disease Disability Act. These holdings, however, were specifically limited to situations in which the employee's disease was covered by the Occupational Disease Disability Act. Thus the *Featherman* court stated:

> We hold that since petitioner's specific disability is compensable as an occupational disease, he is excluded from compensation under the Workmen's Compensation Law. 112 Ariz. at 54, 537 P.2d at 924.

■ The present case differs from *Featherman* and *Yazzie*. Here, the parties agree that the employee did not have silicosis and that pulmonary fibrosis induced by inhalation of silicon dioxide is not covered by the Occupational Disease Disability Act. When a statute enumerates the subjects upon which it is to operate it will be construed as excluding from its effect all subjects not specially mentioned. *Lewis v. Industrial Commission*, 93 Ariz. 324, 380 P.2d 782 (1963). Therefore, the condition of the employee in this case was not covered by the Occupational Disease Disability Act and the *Featherman-Yazzie* limitation of *Marquez* does not apply.

The employer next argues that even if inhalation of silicon dioxide dust is compensable under the Workmen's Compensation Act the employee's widow in this case did not meet the burden of showing that her husband's pulmonary condition was a result of the breathing conditions present at the copper mines. The employer presents two arguments. First, the employer contends that whether "harmful quantities" of the dust existed may be determined only by the effect on the employee, *Orosco v. Poarch*, 70 Ariz. 432, 222 P.2d 805 (1950), and that the only harmful effect of inhaling silicon dioxide is silicosis. Since that disease was not present the employer concludes that the widow did not link her husband's death to

an employment related disease. Second, the employer argues that the widow has attempted to prove dust conditions of the mine by offering into evidence reports made by the State Mine Inspector which were based on investigations made subsequent to the time the employee worked in the mines and that these reports are not competent to prove that the employee inhaled the silicon dioxide dust in the scope of employment. Moreover, the employer urges that the admission of these reports into evidence caused sufficient prejudice to mandate reversal.

■ We cannot agree with the employer's contention that the employee's widow failed to adequately link her husband's death to the breathing conditions of the mine. There was ample medical testimony that the inhalation hastened the employee's death. There were also reports of mine conditions, some of which were made prior to the time the employee left the mine, indicating dust conditions carrying silicon dioxide. These reports were substantiated by employees who worked the mines with decedent. Thus there was sufficient evidence upon which the hearing officer could base his decision regarding the burden of proof. It is well established that the hearing officer's ruling will not be overturned unless it is without foundation. *Gronowski v. Industrial Commission*, 81 Ariz. 363, 306 P.2d 285 (1957).

■ Finally, even if we assume that the reports of mine conditions made subsequent to the time the decedent worked there were irrelevant we find no reason to set aside the hearing officer's award. The admission of improper evidence which the trier of fact might act upon is prejudicial only if the reviewing appellate court is unable to say that the trier of fact would have reached the same result if the improper evidence had been excluded. *Harris v. Thompson*, 18 Ariz.App. 154, 500 P.2d 1142 (1972). Here, the medical reports, the reports of mine conditions made prior to the time the decedent left the mine, and the lay testimony support the hearing officer's decision. Considering all the evidence we are unable to

say that the decision would have been different if the reports had been excluded.

The award is affirmed.

DONOFRIO and SCHROEDER, JJ., concur.