588 P.2d 353

**William R. KERN, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Phoenix Tile, Inc., Respondent Employer,**

**Hartford Accident & Indemnity Company c/o Hartford Insurance Group and Twin City Fire Insurance Company, Respondent Carrier.**

**No. 1 CA–IC 1739.**

Court of Appeals of Arizona, Division 1, Department A.

Sept. 19, 1978.

Rehearing Denied Nov. 29, 1978.

Review Denied Jan. 3, 1979.

Spencer K. Johnston, Phoenix, for petitioner.

John H. Budd, Jr., Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by Ralph E. Mahowald, Jr., David W. Earl, Phoenix, for respondents employer and carrier.

OPINION

FROEB, Chief Judge.

The petitioner was awarded permanent disability under the Occupational Disease Disability Act. In his petition for review of the award, he contends that he was entitled to an additional award under the Workmen's Compensation Act. The circumstances of this case giving rise to compensation occurred prior to the merger of the two compensation acts in 1973.

Petitioner worked for Phoenix Tile, Inc., as a tile setter for approximately ten years. The hearing officer found from the evi-

dence that petitioner "sustained synovitis of the knees . . . secondary to chondromalacia patella" produced by long hours of kneeling while setting tiles. In addition to temporary disability and medical expenses, petitioner was awarded permanent disability for the condition pursuant to A.R.S. § 23–1102(11), which provided that "synovitis . . . of . . . knee . . . due to continual pressure or friction or to repeated trauma" is deemed an occupational disease for which an employee who is totally disabled is entitled to compensation. Petitioner does not take issue with this award. His contention is that the condition of the knee (chondromalacia patella) produces not only painful swelling (synovitis) but aching and soreness in the knee that is not associated with synovitis and should, therefore, be the basis for an additional award under the Workmen's Compensation Act. Assuming the pre-1973 law would allow a claimant to prove an award under both acts, we turn to the record to determine if the claimed workmen's compensation award is compelled by uncontradicted evidence, or whether, if contradicted, a specific finding on this issue should have been made by the hearing officer.

The only medical testimony was offered by Saul N. Schreiber, M.D., an orthopedic surgeon and petitioner's treating physician. He explained that years of working on his knees caused in petitioner a condition known as chondromalacia patella, which is a permanent change to the cartilaginous undersurface of the kneecap. By reason of this, pain is produced by rubbing or pressure between the kneecap and the lower end of the thighbone or femur. When the kneecap is irritated the lining of the knee joint (synovium) becomes irritated and produces a fluid (synovial fluid) which leads to swelling in the knee joint area. The latter condition is called synovitis. Dr. Schreiber indicated that chondromalacia patella and synovitis "go together" and the effects would become worse unless petitioner changed to a job where he was not required to work on his knees.

In further testimony, Dr. Schreiber pointed out that the last time he had seen petitioner he had some fluid in the joint indicating synovitis, but allowed that the condition varies and that sometimes petitioner has swelling and sometimes he does not. Nevertheless, the condition of chondromalacia patella is present continuously as it represents a permanent change in the kneecap. He stated that chondromalacia patella can produce aching at the knee joint without associated synovitis, which was the situation when he first saw petitioner in June 1973. There is an indication from the testimony that while swelling is usually associated with synovitis, it may not always be present. Dr. Schreiber also stated that chondromalacia patella is the first stage of patellofemoral arthritis and becomes patellofemoral arthritis as the condition progresses. No indication is given, however, that the condition inevitably will progress to the later stage in the absence of kneeling work which brought about the chondromalacia patella.

We turn then to the basic question here which is whether petitioner's condition presently existing is fully subsumed by the hearing officer's finding of "synovitis . . . secondary to chondromalacia patella."

Synovitis is produced in response to an irritation. We think that this medical fact is taken into account by A.R.S. § 23–1102(11) which designated synovitis as an occupational disease. A contrary conclusion would mean that in each instance of an award for synovitis, a claimant would be entitled to an award under the Workmen's Compensation Act for the irritating condition which produced it. We seriously doubt that this was the legislative intent behind A.R.S. § 23–1102(11).

In concluding that an award for synovitis subsumes its irritating cause, we next consider whether the irritating cause has been shown in this case to produce a separate impairment not reasonably contemplated by the award for synovitis. We hold that no such showing has been made.

Taking the medical testimony as a whole, we find that the consequences of chondromalacia patella resulting to petitioner are

**62**

closely enough related and similar enough in effect as to be essentially no different from the symptoms of synovitis itself. Since we have determined earlier that the synovitis subsumes its irritating cause, we conclude that the hearing officer correctly limited relief to the Occupational Disease Disability Act. This is consistent with the holding of the Arizona Supreme Court in *Featherman v. Industrial Commission*, 112 Ariz. 52, 537 P.2d 922 (1975) and our opinion in *State Compensation Fund v. Yazzie*, 25 Ariz.App. 89, 541 P.2d 415 (1975).

Award affirmed.

HAIRE, P. J., and DONOFRIO, J., concurring.