995 P.2d 745

**In re RICHARD G.**

**No. 2 CA–JV 99–0060.**

Court of Appeals of Arizona,
Division 2, Department A.

Jan. 27, 2000.

Robert Carter Olson, Pinal County Attorney By Norma Lebario, Florence, Attorneys for State.

Michael F. Beers, Pinal County Public Defender By Dwight P. Callahan, Florence Attorneys for Minor.

DRUKE, Judge. .

¶ 1 We address but one issue in this appeal: Whether the definitions of "prohibited possessor" in A.R.S. § 13–3101(6)(b) and (d) include a juvenile who has been adjudicated delinquent for a misdemeanor and placed on probation.

¶ 2 The appeal arises from these undisputed facts. In December 1998, Richard G. was adjudicated delinquent on two class one misdemeanors, misconduct involving a weapon[1] and disorderly conduct.[2] The juvenile court placed Richard on probation for one year and, as a condition of probation, ordered him not to possess a deadly weapon or firearm without the approval of his probation officer.

¶ 3 The following February, Richard was involved in an altercation at a teen center and was arrested after police found a handgun in the waistband of his pants. The state filed both a petition to revoke probation and

---

1. *See* A.R.S. § 13–3102(A)(12). Note: Only authorities or their citations, not text, appear in the footnotes of this decision.

2. *See* A.R.S. § 13–2904(A)(1).

a new delinquency petition based on the arrest. After a combined violation and adjudication hearing, the juvenile court found Richard had violated his probation and adjudicated him delinquent on one misdemeanor count of carrying a concealed weapon[3] and one felony count of possessing a deadly weapon as a prohibited possessor.[4] The court then committed him to the Department of Juvenile Corrections for one year.

¶ 4 On appeal, Richard contends the definitions of prohibited possessor in § 13–3101(6)(b) and (d) do not "apply to juveniles adjudicated of misdemeanors and to juveniles on probation." Section 13–3101(6)(b) defines prohibited possessor as any person "[w]ho has been convicted within or without this state of a felony or who has been adjudicated delinquent and whose civil right to possess or carry a gun or firearm has not been restored." The relevant part of § 13–3101(6)(d) defines prohibited possessor as any person "[w]ho is at the time of possession serving a term of probation."

¶ 5 Richard first claims the definition of prohibited possessor in § 13–3101(6)(b) is "clearly ambiguous," arguing that there is nothing "to support the proposition that [its] reference to adjudications means all adjudications instead of felony adjudications." We disagree.

■■■ ¶ 6 The primary goal in interpreting a statute is to "ascertain the intent of the legislature."[5] In determining that intent, we look first to the statute's language, and when the language is clear and unambiguous, we abide by that language.[6] We also give words "their ordinary meaning, unless the legislature has offered its own definition of the words or it appears from the context that a special meaning was intended."[7] And, because we consider statutes relating to the same subject together, "the meaning of certain words in one act is entitled to consideration in construing the same words appearing in another act."[8]

■■■ ¶ 7 In this case, that means giving consideration to the relevant definitions in A.R.S. § 8–201, which defines various terms applicable to the juvenile court. Section 8–201(11) defines "[d]elinquent juvenile" as "a child who is adjudicated to have committed a delinquent act." The pertinent part of § 8–201(10) defines "[d]elinquent act" as "an act by a juvenile which if committed by an adult would be a criminal offense or a petty offense, [or] a violation of any law of this state." Given these two definitions, it is apparent that a juvenile may be adjudicated delinquent for violating any state law, whether the violation is a felony, misdemeanor, or petty offense.[9] As we observed in *State v. Malvern*,[10] the "distinction between a delinquent act and a felony or misdemeanor … is not the nature of the act but, rather, the status of the perpetrator." And, once a juvenile has been adjudicated delinquent, the juvenile court may consider a variety of dispositions under A.R.S. § 8–341, including probation, incarceration in a juvenile detention center, or commitment to the Department of Juvenile Corrections. We thus conclude that the legislature intended the term "adjudicated delinquent" in § 13–3101(6)(b) to include not only juveniles who have been adjudicated delinquent for committing a felony but also those juveniles who, like Richard, have been adjudicated delinquent for committing a misdemeanor.

¶ 8 Our conclusion finds support in the legislative history of § 13–3101(6)(b). Initially, the statute's definition of prohibited pos-

**3.** *See* § 13–3102(A)(1).

**4.** *See* § 13–3102(A)(4).

**5.** *In re Pima County Juvenile Appeal No. 74802–2*, 164 Ariz. 25, 33, 790 P.2d 723, 731 (1990).

**6.** *See State v. Getz*, 189 Ariz. 561, 944 P.2d 503 (1997).

**7.** *Mid Kansas Fed. Sav. & Loan v. Dynamic Dev. Corp.*, 167 Ariz. 122, 128, 804 P.2d 1310, 1316 (1991). *See also* A.R.S. § 1–213.

**8.** *Energy Control Services, Inc. v. Arizona Dep't of Econ. Sec.*, 135 Ariz. 20, 22, 658 P.2d 820, 822 (App.1982).

**9.** *See* A.R.S. §§ 13–105, 13–601, and 13–602.

**10.** 192 Ariz. 154, ¶ 5, 962 P.2d 228, ¶ 5 (App. 1998).

sessor only included persons convicted of felonies "involving violence or possession and use of a deadly weapon or dangerous instrument."[11] When the legislature amended § 13–3101(6)(b) in 1994 to include persons adjudicated delinquent,[12] it simultaneously amended A.R.S. § 13–904[13] and enacted A.R.S. § 13–912.01.[14] Section 13–904 was amended to add subsection H, which states that "[a] person who is adjudicated delinquent under § 8–241 does not have the right to carry or possess a gun or firearm." Section 13–912.01 allows that person to later have his or her "right to possess or carry a gun or firearm restored." Subsections A and B of § 13–912.01 allow restoration of that right upon completion of or discharge from probation, but subsection C prohibits restoration "for two years" from the date of discharge for any felony offense and for specific felonies, such as first-degree burglary, precludes restoration "until the person attains thirty years of age."

¶ 9 This legislative history confirms that the term "adjudicated delinquent" in § 13–3101(6)(b) covers both felony and misdemeanor adjudications. The legislature's use of the same term in statutes enacted during the same legislative session "should be construed consistently whenever possible"[15] unless the legislature clearly expresses a contrary intent. As noted above, the legislature expressed such contrary intent for "adjudicated delinquent" in § 13–912.01 by distinguishing between misdemeanor and felony adjudications for purposes of restoring a juvenile's right to possess or carry a gun or firearm. The legislature also provided a specific meaning for the term in A.R.S. § 13–3112, another simultaneously enacted statute.[16] Section 13–3112 provides, in relevant part, that a person who has been adjudicated delinquent for certain felonies, such as arson,

and "who possesses, uses or carries a firearm within ten years from the date of his adjudication" is guilty of a class four or class five felony. Similarly, the legislature provided a specific meaning for "adjudicated delinquent" in § 8–341(R). That statute, formerly numbered A.R.S. § 8–241(O),[17] requires the juvenile court to send a juvenile's fingerprints to the Department of Public Safety, but the statute's language expressly limits its application to juveniles who have been "adjudicated delinquent for an offense that if committed by an adult would be a felony."[18]

¶ 10 It is thus apparent that, when the legislature has wanted to distinguish delinquency adjudications based on any offense from those based only on felonies, it has done so expressly. That it has not done so in § 13–3101(6)(b) reflects its intent to include juveniles adjudicated delinquent for any criminal offense.

¶ 11 Accordingly, we hold that Richard was a prohibited possessor under § 13–3101(6)(b) upon being adjudicated delinquent on two class one misdemeanors in December 1998. We therefore affirm Richard's subsequent adjudication as a delinquent for possessing a deadly weapon as a prohibited possessor and his commitment to the Department of Juvenile Corrections. In light of our holding, we need not address whether Richard was also a prohibited possessor under § 13–3101(6)(d) based on his probationary status for the two misdemeanors.

CONCURRING: JOHN PELANDER, Presiding Judge, and M. JAN FLÓREZ, Judge.

---

11. 1977 Ariz. Sess. Laws, ch. 142, § 94.

12. 1994 Ariz. Sess. Laws, ch. 201, § 16.

13. *Id.* at § 13.

14. *Id.* at § 14.

15. *Canon School Dist. No. 50 v. W.E.S. Constr. Co.*, 177 Ariz. 526, 530, 869 P.2d 500, 504 (1994).

16. 1994 Ariz. Sess. Laws, ch. 201, § 18.

17. 1997 Ariz. Sess. Laws, ch. 220, §§ 32, 56, and 57.

18. *See In re Abraham F.*, 190 Ariz. 359, 947 P.2d 1368 (App.1997); *see also In re John G.*, 191 Ariz. 205, 953 P.2d 1258 (App.1998).