569 P.2d 288

**STATE of Arizona, Appellee,**

v.

**Robert Carroll ROBLEDO, Appellant.**

**No. 1 CA–CR 2333.**

Court of Appeals of Arizona,
Division 1,
Department A.

July 26, 1977.

Rehearing Denied Aug. 12, 1977.

Review Denied Sept. 20, 1977.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div., Lynn Hamilton, Asst. Attys. Gen., Phoenix, for appellee.

George M. Sterling, Jr., Phoenix, for appellant.

OPINION

FROEB, Chief Judge, Division 1.

This is an appeal from an order of the superior court revoking appellant's probation. He was initially found guilty of sale of heroin, a felony, and placed on probation for five years beginning January 10, 1975. Further use of drugs led to revocation of probation on November 25, 1975, at which time appellant was reinstated on probation for five years. Thereafter, appellant was found again consuming drugs and his probation was revoked and he was sentenced on October 15, 1976, to the Arizona State

Prison for not less than five nor more than six years.

Appellant suggests two issues on appeal as grounds for setting aside the revocation.

■ The first may be disposed of summarily. The petition to revoke probation alleged that appellant used a narcotic drug in violation of the law and Term 16 of the written terms and conditions of probation. The petition incorrectly, however, made reference to the terms and conditions of the first probation dated January 10, 1975, although it recited in express words and by the correct term number the condition of probation which was the basis for revocation, namely, use of a narcotic, to-wit: morphine. The terms of both the first and second probation specifically stated that the use of illegal drugs was prohibited. At the hearing the mistake came to light and the State moved to amend, which was granted. There is no question but that appellant had fair notice of the basis for revocation prior to the hearing. The incorrect reference to the first probation instead of the second by reference to the wrong date was purely technical and did not prejudice appellant. We find no error by the trial court in either granting the amendment or proceeding with the hearing.

■ The second contention relates to the admissibility of the results of a urine test which showed appellant to have been using morphine. In reviewing this, we must examine the authority of a probation officer to require the probationer to furnish him with a urine sample in the absence of an express term of probation authorizing routine urinalysis testing.

The issue arises from the fact that the original terms of probation ordered by the court on January 10, 1975, stated that appellant "shall submit to urinalysis testing as directed by the probation officer," whereas the terms and conditions of probation ordered on November 25, 1975, when probation was reinstated, did not specifically include this term.[1]

The facts indicate that the appellant had been undergoing routine urinalysis testing from the beginning of the original period of probation which continued without objection into the second probation period. The procedure generally involved appellant going to the Adult Probation Department twice a week to give a urine sample. The urine sample which was the basis for revoking appellant's probation was, however, obtained at appellant's home when the probation officer unexpectedly visited appellant after he became suspicious that appellant was flushing himself with liquids prior to giving the routine samples. The urine sample in this instance was given freely, as it had been for previous urine tests.

Appellant argues that where the probation officer is not given specific authority for urinalysis testing, he may not conduct it and, if he does, the results must be excluded from evidence at the revocation proceeding for the same reason that evidence which is the product of an illegal search or seizure will be excluded in a criminal trial under *Mapp v. Ohio,* 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961).

We reject this contention at the threshold because, even if we apply fourth amendment restrictions against unreasonable searches and seizures, the conduct of the probation officer was neither unreasonable nor did it result in a search or seizure. The probation officer had clear authority to visit appellant's home and the sample was freely given on request. There is no evidence to the contrary. Appellant's argument is in the nature of an extension of the exclusionary rule to those instances where evidence is the product not of an illegal search and seizure but to where evidence is the product of conduct undertaken by the probation officer which has not been expressly authorized as a condition of probation. No precedent for such an extension of the exclusionary rule has been brought to our attention

---

1. That is to say, the box was not checked. The written terms of probation in each instance consisted of a printed form setting forth all the potential terms and conditions of probation or- ganized in such a way that a box next to each term could be checked if it were ordered by the court. It is a standard form in general use.

and we do not choose to adopt it. Appellant relies upon *State v. Zajac*, 26 Ariz.App. 593, 550 P.2d 639 (1976) to support this view, but it is inapposite since the issue there was whether probation could be revoked for violation of a condition not reduced to writing and given to the probationer. Here, as we have mentioned, one of the written terms of probation was that appellant refrain from using illegal drugs and it is the violation of this term for which probation was revoked.

Even were we to assume that the taking of the urine sample was a "seizure" and that by fourth amendment principles it was illegal, there is still no basis for excluding it from evidence in a probation revocation proceeding. See *United States v. Winsett*, 518 F.2d 51 (9th Cir. 1975); *United States v. Hill*, 447 F.2d 817 (7th Cir. 1971); *United States v. Allen*, 349 F.Supp. 749 (N.D.Cal. 1972); *State v. Sears*, 553 P.2d 907 (Alaska 1976); *People v. Dowery*, 20 Ill.App.3d 738, 312 N.E.2d 682 (1974) supplemented in 62 Ill.2d 200, 340 N.E.2d 529 (1975); *In re Martinez*, 1 Cal.3d 641, 83 Cal.Rptr. 382, 463 P.2d 734, cert. denied, 400 U.S. 851, 91 S.Ct. 71, 27 L.Ed.2d 88 (1970); cf. *United States ex rel. Sperling v. Fitzpatrick*, 426 F.2d 1161 (2d Cir. 1970) (parole revocation). The exclusionary rule is a judicially created remedy principally invoked to deter unlawful police conduct. Its basic purpose is to bar illegally obtained evidence from trial where it would be used to convict a defendant of a crime in the first instance. When viewed as evidence to revoke probation, the need for deterrence is outweighed by the importance of compliance by a probationer to the terms of probation established by the court. A different question would be presented where the evidence is used at trial to convict the defendant of the subsequent offense which gave rise to the revocation proceedings.

In any event, the taking of the urine sample was not illegal even if it was a seizure, since both the original and the reinstated terms of probation specifically provided that appellant "shall submit to search and seizure of person or property at any time by any police officer or probation offi-

cer without the benefit of a search warrant." While this court (see *State v. Page*, 115 Ariz. 131, 564 P.2d 82 (Ct.App.1976)) has previously wrestled with this provision, the Arizona Supreme Court recently approved it as a term of probation in *State v. Montgomery*, 115 Ariz. 583, 566 P.2d 1329 (1977), filed after the briefs in this case were prepared.

Finding the evidence properly received and the procedures resulting in the revocation of appellant's probation to have been properly followed, the order of revocation and the sentence are affirmed.

NELSON, P. J., and HAIRE, J., concur.