609 P.2d 1097

**The STATE of Arizona, Appellee,**

v.

**Cathleen Gay TOWLE, aka Cathleen Gay Riddell, Appellant.**

**No. 2 CA–CR 1895.**

Court of Appeals of Arizona,
Division 2.

April 4, 1980.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Greg A. McCarthy, Asst. Attys. Gen., Phoenix, for appellee.

Thikoll, Johnston & Rosen by Edith A. Croxen, Tucson, for appellant.

OPINION

HOWARD, Judge.

Does the Fourth Amendment exclusionary rule apply to probation revocation proceedings? That is the question presented in this appeal.

Appellant's position was that certain evidence seized at her residence should have been suppressed because the affidavit in support of the search warrant was constitutionally defective. At the revocation hearing, the trial court ruled that a probationer cannot seek suppression of illegally obtained evidence.

The majority of courts hold that the exclusionary rule does not apply to parole and probation revocation proceedings. *U. S. v. Frederickson,* 581 F.2d 711 (8th Cir. 1978); *U. S. v. Winsett,* 518 F.2d 51 (9th Cir. 1975); *U. S. v. Farmer,* 512 F.2d 160 (6th Cir. 1975); *U. S. v. Brown,* 488 F.2d 94 (5th Cir. 1973); *U. S. v. Hill,* 447 F.2d 817 (7th Cir. 1971); *State v. Sears,* 553 P.2d 907 (Alaska 1976); *In re Martinez,* 1 Cal.3d 641, 463 P.2d 734, 83 Cal.Rptr. 382 (1970), cert. den. 400 U.S. 851, 91 S.Ct. 71, 27 L.Ed.2d 88; *People v. Atencio,* 525 P.2d 461 (Colo.1974); *Croteau v. State,* 334 So.2d 577 (Fla.1976); *People v. Dowery,* 62Ill.2d 200, 340 N.E.2d 529 (1975); *Dulin v. State,* 346 N.E.2d 746

**398**

(Ind.App.1976); *State v. Caron*, 334 A.2d 495 (Me.1975); *State v. Thorsness*, 165 Mont. 321, 528 P.2d 692 (1974); *Commonwealth v. Davis*, 234 Pa.Super. 31, 336 A.2d 616 (1975); *State v. Spratt*, 386 A.2d 1094 (R.I.1978). The rationale of the decisions is that since the exclusionary rule is operative in any event in all criminal prosecutions, the furtherance of its policy objectives achieved by extending the rule to parole or probation revocation hearings is insufficient to justify the concomitant impairment of the proper functioning of the probation-parole system. See also *State v. Robledo*, 116 Ariz. 346, 569 P.2d 288 (App.1977).

We have recognized that the exclusionary rule does apply to probation revocation proceedings where police officers who conducted the search under a defective warrant were aware of the suspect's status as a probationer. *State v. Shirley*, 117 Ariz. 105, 570 P.2d 1278 (App.1977). We adopted the rationale of *Verdugo v. U. S.*, 402 F.2d 599 (9th Cir. 1968), cert. den. 402 U.S. 961, 91 S.Ct. 1623, 29 L.Ed.2d 124 (1971), where the court applied the exclusionary rule because there was an incentive for police misconduct. The *Shirley* rationale is not applicable here as the police did not know appellant was a probationer and thus had no incentive to carry out an illegal search. We agree with the trial court's determination that the exclusionary rule should not apply under these circumstances.

Affirmed.

HATHAWAY, C. J., and RICHMOND, J., concur.