953 P.2d 1258

**In re John G.**

No. 2 CA–JV 97–0027.

Court of Appeals of Arizona, Division 2, Department B.

Jan. 29, 1998.

As Amended March 24, 1998.

Patricia "Pogo" Overmeyer, Tucson, for Minor.

PELANDER, Presiding Judge.

¶1 The minor was charged with disorderly conduct, false reporting to a law enforcement agency, and possession or consumption of alcohol, all class one misdemeanors. He admitted the first two counts in exchange for dismissal of the last and was placed on probation. On appeal, he challenges, as he did below, the requirement that he submit to fingerprinting as one of the conditions of probation. We conclude that the juvenile court had jurisdiction to impose that condition without violating the minor's due process rights, and, therefore, affirm.

¶2 The minor first contends that the juvenile court lacked statutory authority to order him to submit to fingerprinting. As he points out, A.R.S. § 8–241(O), now renumbered as § 8–241(T),[1] provides as follows:

If a juvenile has been adjudicated delinquent for an offense that if committed by an adult would be a felony, the court shall provide the department of public safety Arizona automated fingerprint identification system established in § 41–2411, with the juvenile's fingerprints, personal identification data and other pertinent information. If a juvenile has been committed to the department of juvenile corrections the department shall provide the fingerprints

and information required by this subsection to the Arizona automated fingerprint identification system.

The minor contends that, because he was neither adjudicated delinquent for a felony nor committed to the Arizona Department of Juvenile Corrections (ADJC), the court could not impose this requirement. He argues only felony offenders may be compelled to submit to fingerprinting.

¶3 In addressing a substantially similar issue, Division One of this court held in *In re Abraham F.*, 190 Ariz. 359, 947 P.2d 1368 (App.1997), that a minor adjudicated delinquent on a misdemeanor could not be required to submit his fingerprints to the automated fingerprint identification system (AFIS). This case, however, is distinguishable. Here, the probation condition orders the minor to submit to fingerprinting as the probation officer may request. There is no requirement that the fingerprints be submitted to AFIS. Division One made clear that it believed the juvenile court lacked authority only with respect to the portion of the order mandating submission of the fingerprints to AFIS, stating it agreed "with the state that a court can order fingerprinting as a condition of a juvenile's probation." *Id.* at 360, 947 P.2d at 1369.

¶4 The minor argues that, generally, the juvenile court lacks the authority to require a minor found guilty of a misdemeanor to submit to fingerprinting. He contends that by requiring only those juveniles adjudicated delinquent for committing felonies or committed to ADJC to submit to fingerprinting, the legislature has distinguished felony offenders from those who commit misdemeanors, reflecting an intent that the two be treated differently. The minor's argument is flawed for two reasons. First, it appears that the argument assumes a juvenile committed to ADJC committed a felony. The ADJC Security/Placement and Minimum Length of Stay Guidelines, however, expressly recommend a period of commitment for a minor adjudicated delinquent for repetitive misdemeanors, thus negating that assumption. As further

---

1. Effective July 1, 1998, the section will be numbered § 8–341(T). 1997 Ariz. Sess. Laws, ch. 220, §§ 56(B), 109; ch. 222, § 84.

support for his argument that the legislature intended to distinguish felonies from misdemeanors, the minor cites A.R.S. § 13–3113, which makes it an offense for a person "previously adjudicated delinquent" to possess, use, or carry a firearm for a certain period after the adjudication or the person's release or escape from custody. The statute provides that, if the prior adjudication was for committing certain felonies, a first offense is a class five felony and a second or subsequent offense is a class four felony. The statute, however, is irrelevant to the issue of whether the court has authority to order fingerprinting.

¶ 5 The second flaw in the minor's argument is that it is based on the following premise, which we find erroneous: By prescribing those circumstances in which an offender's fingerprints must be provided to a state-wide information system, it may be inferred the legislature intended to preclude the juvenile court from ordering it in any other circumstances. Although Division One was not presented with this issue in *In re Abraham F.*, it addressed an analogous claim in *Maricopa County Juvenile Action Nos. JV–508801, JV–509382, and JV–510161*, 183 Ariz. 175, 901 P.2d 1205 (App.1995). There, Division One found that the juvenile court did not have jurisdiction to order, as a condition of probation, minors adjudicated delinquent on molestation charges to provide blood samples for identification purposes to the Arizona DNA Identification System. *Id.* The court found the requirement subjected "delinquent children to criminal code regulations that the legislature enacted expressly for convicted sex offenders." *Id.* at 178, 901 P.2d at 1208.

¶ 6 Even assuming, without deciding, that we agree with the majority in that case, it is distinguishable. The DNA system was established by A.R.S. § 41–2418(A). The related criminal statute, A.R.S. § 13–4438, requires the state department of corrections to obtain a blood sample from a person convicted of a sexual offense. *See Maricopa County Juvenile Action No. JV–508801; see also* A.R.S. § 31–281 (person convicted of sexual offense must submit blood sample for DNA testing). A conviction, however, is not the same as a delinquency adjudication. Moreover, there is no reference in § 41–2418 or the related criminal statutes, either express or inferential, to juvenile offenders. More importantly, there is no statute under Title 8 linking juvenile offenders into the criminal statutes under any circumstances. Such a provision, a "feeder statute" as Division One refers to it, 183 Ariz. at 177, 901 P.2d at 1207, would reflect the legislature's intent to include juveniles under certain circumstances in the category of persons required to submit information to the DNA system. The legislature has demonstrated its intent to require juvenile offenders to submit fingerprints to the state-wide system, however, by expressly requiring it in certain circumstances. § 8–241(T).

¶ 7 Because the first version of the bill adding former § 8–241(O) included minors found guilty of a class one misdemeanor but the final version omitted that language, the majority in *Abraham F.* found the legislature "intended to limit the statute's application to the defined class of juvenile offenders." 190 Ariz. at 361, 947 P.2d at 1370. We agree with the dissent in that case, however, that omission of the provision "reveals only the Legislature's intention regarding which fingerprints were to be *required.*" *Id.* (Lankford, P. J., dissenting) (emphasis added).

¶ 8 In any event, we do not believe the lack of express authority either requiring or even permitting the court to impose submission of fingerprints as a condition of probation precludes the court from doing so. Section 8–241(A)(2)(b) grants courts authority to place a minor on probation subject to terms and conditions the court deems appropriate. We will not disturb a juvenile court's disposition order absent an abuse of discretion. *Maricopa County Juvenile Action No. JV–128676*, 177 Ariz. 352, 868 P.2d 365 (App.1994). "A condition of probation which does not violate basic fundamental rights and bears a relationship to the purpose of probation will not be disturbed on appeal." *Pima County Juvenile Action No. J–20705–3*, 133 Ariz. 296, 298, 650 P.2d 1278, 1280 (App.1982).

¶ 9 We cannot say that requiring a minor adjudicated delinquent to submit to finger-

printing at the probation officer's request is an abuse of discretion or a violation of due process. The condition appears to be one generally imposed and is set forth on the order under the heading of "community protection," one of the purposes of probation. *Pima County Juvenile Action No. J–20705–3.* The apparent purpose of obtaining the information is to deter the minor from committing crimes in the future, clearly one goal of probation. *See Maricopa County Juvenile Action No. JV–508801* (Lankford, P. J., dissenting). In this case, in which one of the offenses involved providing false information to police, there is an even more apparent need for and purpose of the condition. And, to the extent it may deter future misconduct or help locate the minor, it also assists in controlling his behavior, another proper purpose of probation. *Pima County Juvenile Action No. J–20705–3.*

¶ 10 The minor's claim that the condition violates due process is meritless. The invasion is minimal, particularly when compared with providing blood, which is expressly authorized under § 8–241(N), now renumbered as § 8–241(S), for human immuno-deficiency virus testing, or weekend detention, a probation condition we have upheld. *Pima County Juvenile Action No. J–20705–3.* Similarly, requiring a probationer to provide urine samples for substance testing is reasonable and enables authorities to regulate a probationer's conduct. *See State v. Robledo,* 116 Ariz. 346, 569 P.2d 288 (App.1977).

¶ 11 The minor's reliance on *Davis v. Mississippi,* 394 U.S. 721, 89 S.Ct. 1394, 22 L.Ed.2d 676 (1969), is entirely misplaced. There, the victim of a rape described the perpetrator as a young African–American male. Without warrants or probable cause, police took to the police department for fingerprinting 24 young African–American males, one of whom was the defendant, and questioned 40 to 50 others. Although the defendant's fingerprints matched those found at the crime scene, his conviction was reversed because of the clear violation of his Fourth Amendment rights. The minor in this case, on the other hand, was adjudicated delinquent after admitting he committed two of three offenses. *Davis* is inapplicable.

¶ 12 The juvenile court's disposition order of February 12, 1997, is affirmed.

ESPINOSA and HOWARD, JJ., concur.