NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

IN RE: JUSTICE M.

No. 1 CA-JV 15-0037
FILED 6-25-2015

---

Appeal from the Superior Court in Maricopa County
No.  JV 559816
The Honorable James P. Beene, Judge

**AFFIRMED**

---

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Appellee*

Maricopa County Public Advocate, Mesa
By Jennifer A. Ceppetelli
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Margaret H. Downie delivered the decision of the Court, in which Judge Patricia K. Norris and Judge Randall M. Howe joined.

---

D O W N I E, Judge:

¶1          Justice M. ("Juvenile") appeals from the juvenile court's disposition order.  Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *In re Maricopa Cnty. Juv. Action No. JV-117258*, 163 Ariz. 484, 486-87, 788 P.2d 1235, 1237-38 (App. 1989), defense counsel has searched the record, found no arguable question of law, and asked that we review the record for reversible error.  Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY[1]

¶2          The State filed two delinquency petitions against Juvenile in November and December 2013, respectively.  Pursuant to a plea agreement, Juvenile admitted two counts in the petitions, and the remaining counts were dismissed.  The court placed Juvenile on probation.  Roughly one month later, Juvenile violated her terms of probation by running away.  She admitted the violation in a plea agreement, and the court once again imposed probation, the terms of which included participation in a locked residential treatment program.

¶3          Six months later, the State filed another delinquency petition against Juvenile for one count of assault.  Shortly thereafter, the probation officer filed a petition alleging violations of probation, including failure to complete the treatment program.  Juvenile admitted the allegations in the delinquency petition and was adjudicated delinquent.  She also admitted violating probation by failing to complete the treatment program.

¶4          The juvenile court held a disposition hearing at which it addressed both the delinquency and probation violation matters.  Juvenile asked that the court refer her to the Arizona Department of Juvenile Corrections until her 18th birthday.  The court instead continued her on probation, the terms of which included 180 days in a juvenile detention facility, participation in a locked residential treatment program, and drug testing.  Juvenile timely appealed.  We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 8-235(A) and 12-120.21(A)(1).

## DISCUSSION

¶5          We find no reversible error.  The record supports the findings that Juvenile's admissions to the delinquency petition and the probation violation were knowing, voluntary, and intelligent, and a

---

[1]          We view the evidence in the light most favorable to upholding the juvenile court's orders.  *In re John M.*, 201 Ariz. 424, 426, ¶ 7, 36 P.3d 772, 774 (App. 2001).

factual basis exists in the record to support her admissions. *See* A.R.S. § 13-3405(A)(2); Ariz. R.P. Juv. Ct. 32(D)(2). We find no abuse of discretion in the corresponding dispositions. *See In re John G.*, 191 Ariz. 205, 207, ¶ 8, 953 P.2d 1258, 1260 (App. 1998) (juvenile court's disposition order will not be disturbed absent abuse of discretion). A psychological evaluation of Juvenile was prepared prior to the disposition hearing, and the court considered Juvenile's continued mental health issues, her history, and the recommendation of her probation officer before concluding that probation with the terms discussed *supra* was the best course of action. *See* A.R.S. § 8-341(A)(1)(b) (court may assign delinquent juvenile to probation department, subject to any conditions court may impose, including term of incarceration); A.R.S. § 8-341.01(A) (disposition order for participation in residential treatment program must be supported by psychological evaluation); *In re Miguel R.*, 204 Ariz. 328, 331, ¶ 4, 63 P.3d 1065, 1068 (App. 2003) (rehabilitation is the purpose of disposition after adjudication of delinquency); *In re Niky R.*, 203 Ariz. 387, 392, ¶ 21, 55 P.3d 81, 86 (App. 2002) (where not explicitly stated, we presume juvenile court implicitly made findings necessary to justify disposition order).

## CONCLUSION

**¶6**          Pursuant to *State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984), Juvenile's counsel's obligations in this appeal are at an end. Counsel need do no more than inform Juvenile of the status of the appeal and her future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See* Ariz. R.P. Juv. Ct. 107(A); *see also* Ariz. R.P. Juv. Ct. 107(J).



Ruth A. Willingham · Clerk of the Court
FILED: ama