NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

IN RE MARIO G.

No. 1 CA-JV 22-0166
FILED 12-01-2022

---

Appeal from the Superior Court in Maricopa County
No. JV207159
The Honorable Melody Harmon, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

The Law Offices of Kevin Breger, Scottsdale
By Kevin Breger
*Counsel for Appellant*

Maricopa County Attorney's Office, Phoenix
By Krista Wood
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

Judge Angela K. Paton delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge Peter B. Swann[1] joined.

---

**P A T O N**, Judge:

¶1        Mario G. appeals the superior court's order committing him to the Arizona Department of Juvenile Corrections ("ADJC").   After reviewing the entire record, Mario's counsel found no non-frivolous issues and requested we review the record for fundamental error pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *Maricopa County Juv. Action No. JV-117258*, 163 Ariz. 484 (App. 1989) (applying *Anders* procedure to juvenile delinquency proceedings).  Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        Mario was adjudicated delinquent after admitting to resisting arrest, reckless driving, and assault pursuant to a plea agreement.  The superior court deferred disposition at Mario's request pending possible approval of Mario's placement in a residential treatment facility.  After the other facilities declined to accept Mario, the superior court committed him to ADJC for a minimum of thirty days.

## DISCUSSION

¶3        The record shows that the superior court appropriately exercised its discretion in ordering Mario committed to ADJC.  S*ee* A.R.S. § 8-341(A)(1)(e) (providing for commitment to ADJC); *In re John G.*, 191 Ariz. 205, 207 ¶ 8 (App. 1998) (noting abuse of discretion standard for

---

[1] Judge Peter B. Swann was a sitting member of this court when the matter was assigned to this panel of the court.   He retired effective November 28, 2022.  In accordance with the authority granted by Article 6, Section 3, of the Arizona Constitution and pursuant to A.R.S. § 12-145, the Chief Justice of the Arizona Supreme Court has designated Judge Swann as a judge *pro tempore* in the Court of Appeals for the purpose of participating in the resolution of cases assigned to this panel during his term in office.

review of disposition orders).  And we have found no fundamental error in our search of the record.

## CONCLUSION

**¶4**        We affirm.  The filing of this decision ends Mario's defense counsel's obligation to represent Mario in this appeal.  Counsel need only inform Mario of the outcome and his future options, unless counsel finds an issue appropriate for which to petition the Arizona Supreme Court for review.  *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984); Ariz. R.P. Juv. Ct. 609.

