NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

———————————————

IN RE LANDON C.

No. 1 CA-JV 22-0127
FILED 3-30-2023

———————————————

Appeal from the Superior Court in Maricopa County
No. JV603741
The Honorable Janice K. Crawford, Judge, *Retired*

**AFFIRMED**

———————————————

COUNSEL

Maricopa County Public Advocate's Office, Mesa
By Colleen Engineer
*Counsel for Appellant*

Maricopa County Attorney's Office, Phoenix
By Krista Wood
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

Judge D. Steven Williams delivered the decision of the court, in which Presiding Judge David D. Weinzweig and Judge Randall M. Howe joined.

---

**W I L L I A M S**, Judge:

¶1        Landon C. appeals his commitment to the Arizona Department of Juvenile Corrections ("ADJC") for violating a term of his probation. Landon's counsel filed a brief per *Anders v. California*, 386 U.S. 738 (1967), *State v. Leon*, 104 Ariz. 297 (1969), and *Maricopa Cnty. Juv. Action No. JV-117258*, 163 Ariz. 484 (App. 1989), advising us there are no meritorious grounds for reversal. Our obligation is to review the entire record for reversible error, *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999), viewing the evidence in the light most favorable to sustaining the juvenile court's orders and resolving all reasonable inferences against Landon, *State v. Guerra*, 161 Ariz. 289, 293 (1989). After reviewing the record, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2        At twelve years old, Landon drove his grandmother's vehicle without permission and crashed it into a wall. He pled guilty to criminal damage, a class 6 undesignated felony. *See* A.R.S. § 13-1602. Before his disposition hearing, the juvenile court ordered Landon to undergo a psychological evaluation. The results suggested the onset of various mood disorders, mental health issues, and substance abuse. The evaluator recommended that Landon be placed in a level one residential treatment program.

¶3        The juvenile court placed Landon on probation and ordered that he complete a residential treatment program. He did so and was successfully discharged to his mother's care nine months later. But Landon struggled with his behavior once back at home. He failed to consistently submit to drug testing or engage in services offered to him. After an incident where Landon caused damage to his family home and threatened self-harm, he was admitted to a hospital. At the hospital, Landon was "a ring leader of a fight and riot" and arrested for assaulting a health-care worker.

¶4        Things did not improve when Landon returned home. He tested positive for cocaine and THC; he refused to attend school after

assaulting a staff member; and Landon failed to participate in substance-abuse treatment.

¶5         The State notified the juvenile court of Landon's poor performance on probation. Landon, in turn, admitted to the court that he violated his probation. Before Landon's disposition hearing, the court again ordered a psychological evaluation. The evaluator recommended that Landon participate in a residential behavioral health program, to include some level of substance abuse treatment, and suggested that Landon be seen psychiatrically.

¶6         The juvenile court continued Landon's probation and, as a term of probation, ordered that he be detained for ninety days or until a bed became available at a residential behavioral health facility.

¶7         Within weeks, Landon was placed in a behavioral health group home. But just two months later, he ran away. Once found, Landon tested positive for amphetamines and THC. Landon was medically cleared and then returned to the group home. That night, Landon ran away again.

¶8         A SWAT team conducting a raid of an apartment complex known for drug-use found Landon days later. The following day, Landon again admitted to the juvenile court that he violated his probation. The court ordered Landon detained and to submit to a drug test. Landon tested positive for THC. And, while in detention, he generated an incident report for poor behavior.

¶9         The juvenile court held a disposition hearing. The State recommended that Landon be committed to ADJC. Landon, however, along with his mother, great-grandmother, neighbor, and guardian ad litem asked the court to place him at Canyon State Academy (a qualified residential treatment program). The court followed the State's recommendation and ordered that Landon be committed to ADJC for a minimum of thirty days. The court also designated Landon's 2019 offense a felony.

¶10         This appeal followed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution, A.R.S. §§ 12-120.21(A)(1), -2101(A)(1), 8-235(A), and Arizona Rule of Procedure for the Juvenile Court 601(a), (b)(1)(C).[1]

---

[1] Previously Arizona Rule of Procedure for the Juvenile Court 103(A).

## DISCUSSION

**¶11** A review of the record confirms that all proceedings were conducted in compliance with the Arizona Rules of Procedure for the Juvenile Court. Landon knowingly, voluntarily, and intelligently admitted the probation violation alleged against him. *See* Ariz. R.P. Juv. Ct. 220(c)(1). His admission supported the juvenile court's adjudication, and Landon provided an adequate factual basis to support that admission. A.R.S. §§ 8-341(A)(1)(b), (B); Ariz. R.P. Juv. Ct. 220(c)(3). Landon was present and represented by counsel at all critical stages of the proceedings. *See* A.R.S. §§ 8-307(A), -221(A); Ariz. R.P. Juv. Ct. 208(a), 206(a)–(b); *see also* Ariz. R.P. Juv. Ct. 208(b) (a virtual appearance is considered a personal appearance). He was given the opportunity to speak at his disposition hearing. Sufficient evidence supports the adjudication, and the court imposed a disposition within its discretion. *See* A.R.S. § 8-341(A)(1)(e); *see also In re Miguel R.*, 204 Ariz. 328, 332, ¶ 9 (App. 2003).

**¶12** Though counsel stated she found no meritorious grounds for reversal, she informs that Landon believed the juvenile court abused its discretion by committing him to ADJC. *In re John G.*, 191 Ariz. 205, 207, ¶ 8 (App. 1998). We disagree. The court has broad discretion in determining the appropriate disposition for delinquent juveniles. *See In re Niky R.*, 203 Ariz. 387, 392, ¶ 21 (App. 2002) (as amended).

**¶13** The juvenile court stated several reasons for deciding to place Landon in ADJC. For example, from the age of nine, Landon has had a "significant history of substance abuse," which included experimenting with methamphetamine, fentanyl, and cocaine. Landon has refused to participate in substance abuse treatment and resisted drug testing. Landon is a risk to himself. He is also a risk to the public as evinced by his underlying offense, his assault on medical staff, and his assault on school staff. And during his most recent placement, Landon ran away and was found in an apartment known for drug use.

**¶14** The juvenile court found that (1) Landon's behavioral and substance-abuse history prevent him from addressing his mental health concerns, and (2) Landon is at "a very high risk to reoffend" and "is not likely to be managed at any level other than a structured facility." Record evidence supports the court's findings. The court's findings also demonstrate it considered the factors required to commit a juvenile to ADJC, including protecting the community, rehabilitating the juvenile, the nature of the offenses, and less restrictive alternatives. *See* Ariz. Code of Jud. Admin. § 6-304(C)(1)(a)–(d). On this record, the court did not abuse its

discretion when it committed Landon to ADJC. *See* A.R.S. § 8-341(A)(1)(e), -246(B)(2); Ariz. Code of Jud. Admin. § 6-304; *In re John G.*, 191 Ariz. at 207, ¶ 8.

## CONCLUSION

**¶15**      We affirm the juvenile court's orders.

**¶16**      Defense counsel's obligations pertaining to Landon's representation in this appeal have ended. Defense counsel need do no more than inform Landon of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984); Ariz. R.P. Juv. Ct. 609(b).



AMY M. WOOD • Clerk of the Court
FILED:   AA