NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

IN RE DELINQUENCY OF D.F.

No. 1 CA-JV 23-0165
FILED 3-5-2024

---

Appeal from the Superior Court in Maricopa County
No. JV603415
The Honorable Keelan J. Bodow, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Maricopa County Office of the Public Advocate, Mesa
By Olivia Porter
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Andrew M. Jacobs and Judge David D. Weinzweig joined.

---

**P E R K I N S**, Judge:

¶1        Devin (a pseudonym) appeals the superior court's order committing him to the Arizona Department of Juvenile Corrections ("ADJC"). After reviewing the entire record, Devin's counsel found no non-frivolous issues and requested we review the record for fundamental error pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *Maricopa Cnty. Juv. Action No. JV-117258*, 163 Ariz. 484 (App. 1989) (applying *Anders* procedure to juvenile delinquency proceedings). We find no error and affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        In March 2019, when Devin was 11 years old, he was adjudicated delinquent after admitting to: (1) conspiracy to commit abandonment or concealment of a dead body; (2) third degree burglary; and (3) facilitation to commit burglary. The superior court placed Devin on a 12-month term of probation. Between March 2019 and February 2023, Devin was adjudicated delinquent four times for various crimes and probation violations. And in February 2023, the superior court placed Devin on intensive probation.

¶3        In May 2023, the state again alleged delinquency against Devin based on technical probation violations. The superior court adjudicated Devin delinquent under a plea agreement in which he admitted to violating his probation by failing to participate in 32 hours of required weekly activities. The state and the juvenile probation officer recommended commitment to ADJC rather than supervised probation. Devin and his mother requested he be released with electronic surveillance. The superior court committed Devin to ADJC for a minimum of 30 days.

## DISCUSSION

¶4        The record supports the superior court's findings that Devin's admissions were knowing, voluntary, and intelligent, and that the factual basis was adequate to support it. *See* Ariz. R. P. Juv. Ct. 220(b), (c). And we found no fundamental error in our search of the record.

¶5        According to his defense counsel, Devin believes the superior court abused its discretion by committing him to ADJC. But the superior court found Devin "needs a severely structured environment to be successful" and has "been on [electronic surveillance] seven times," which has "not led him to success." *See* Ariz. Code of Jud. Admin. § 6-304(C)(1)(a)–(d). And the record shows the superior court considered the appropriate factors in committing Devin to ADJC, so it did not abuse its

2

discretion. *See* Ariz. Code of Jud. Admin. § 6-304(C)(1)(a)–(d); A.R.S. § 8-341(A)(1)(e) (the superior court "may award a delinquent juvenile [to ADJC]"); *In re John G.*, 191 Ariz. 205, 207, ¶ 8 (App. 1998) (abuse of discretion standard for review of disposition orders).

## CONCLUSION

**¶6**        We affirm. The filing of this decision ends Devin's defense counsel's obligation to represent Devin in this appeal. Counsel need only inform Devin of the outcome and his future options, unless counsel finds an issue appropriate for which to petition the Arizona Supreme Court for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984); Ariz. R. P. Juv. Ct. 609.



AMY M. WOOD • Clerk of the Court
FILED:    AA