NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

IN RE DELINQUENCY OF C.D.

No. 1 CA-JV 25-0103
FILED 11-20-2025

Appeal from the Superior Court in Yuma County
No. S1400JV202500065
The Honorable R. Erin Farrar, Judge

**AFFIRMED**

COUNSEL

Zachary Law Group PLC, Mesa
By Jessica Zachary
*Counsel for Appellant*

Yuma County Attorney's Office, Yuma
By Karolyn Kaczorowski
*Counsel for Appellee*

**MEMORANDUM DECISION**

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Kent E. Cattani joined.

**T H U M M A**, Judge:

¶1        C.D. appeals from her delinquency adjudication for disorderly conduct, a class one misdemeanor, and her placement on standard probation. Her counsel filed a brief stating counsel had reviewed the entire record but found "no arguable issues for appeal" and requested this court to review the record for error under *Anders v. California*, 386 U.S. 738 (1967), *State v. Leon*, 104 Ariz. 297 (1969) and *Maricopa Cnty. Juv. Action No. JV-117258*, 163 Ariz. 484 (App. 1989). Because the record reveals no error, the superior court order is affirmed.

## FACTS AND PROCEDURAL HISTORY

¶2        C.D. turned eighteen in August 2025. In March 2025, the State filed a petition charging C.D. with three misdemeanors (disorderly conduct, endangerment and assault), alleged to have been committed in Yuma in November 2024. *See* Ariz. Rev. Stat. (A.R.S.) §§ 13-2904(A)(1), -1201(A) & -1203(A)(1) (2025).[1] At the advisory hearing later in March 2025, C.D. accepted a plea agreement admitting to disorderly conduct, with the other charges being dismissed. After a colloquy, the court accepted C.D.'s plea, found her delinquent of disorderly conduct and dismissed the other charges with prejudice.

¶3        At a May 2025 disposition hearing, the superior court reviewed a disposition report and heard from counsel, C.D.'s mother, and grandmother, and C.D. The court then placed C.D. on standard probation until she turned eighteen. The court ordered C.D. to complete 12 hours of community restitution, participate in counseling services as directed, have no contact with the victim, pay $300 in restitution and complete a four-hour course on "decision making and good judgement."

¶4        This court has jurisdiction over C.D.'s timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution, A.R.S. §§ 8-235(A), 12-120.21(A) and 12-2101(A) and Ariz. R.P. Juv. Ct. 602-03.

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

**DISCUSSION**

¶5        C.D. was allowed to file a supplemental brief, but has not done so. In her notice of appeal, however, C.D. listed "KEY issues for Appeal" and a "Narrative Statement of Incident." In that filing, C.D. writes: (1) she did not see the State's evidence; (2) there was no evidence that she "harmed anyone physically;" she "did not strike anyone;" and she used "pepper spray" in self-defense; (4) police reports "contain statements that are not true" and do not reflect newly discovered evidence and (5) the facts "were not fully [and] fairly considered."

¶6        C.D.'s filing appears to suggest that she did not commit disorderly conduct because she did not physically contact or harm anyone. But the type of disorderly conduct C.D. pled delinquent to does not require physical contact or harm; it may be committed by engaging in "seriously disruptive behavior" with no contact. *See* A.R.S. § 13-2904(A)(1).

¶7        At the March 2025 advisory hearing, the court conducted a colloquy with C.D., during which the State provided a factual basis for disorderly conduct, and C.D. agreed. The court then found C.D. delinquent of disorderly conduct, after finding C.D. "has knowingly, intelligently, and voluntarily waived her constitutional rights. [C.D.] has admitted her wrongful conduct, and a factual basis is established. [C.D.] understands the nature and consequences of her admission." C.D. has not provided a transcript of the advisory hearing, which this court presumes would support these findings by the superior court. *See Myrick v. Maloney*, 235 Ariz. 491, 495 ¶ 11 (App. 2014). C.D. does not assert that the court failed to follow appropriate procedures in conducting the colloquy or accepting her plea. *See* Ariz. R.P. Juv. Ct. 220. Nor does C.D. claim that the disposition was contrary to the agreed-upon consequences or did not follow appropriate procedures. *See* Ariz. R.P. Juv. Ct. 222. Nor has she shown how the allegations in her notice of appeal indicate her plea lacks a factual basis, that the disposition was improper, or that the proceedings should have been resolved differently.

¶8        C.D. was present and represented by counsel at all stages of the proceedings. *See* A.R.S. §§ 8-307(A), -221(A); Ariz. R.P. Juv. Ct. 206(a)–(b), 208(a). She was allowed to address the court directly at her disposition hearing, and did so. The court imposed a disposition within its discretion. *See* A.R.S. § 8-341(A)(1)(a); *In re John G.*, 191 Ariz. 205, 207 ¶ 8 (App. 1998) (abuse of discretion review of disposition orders). On the record provided, C.D. has shown no reversible error. *See Anders*, 386 U.S. at 744.

**CONCLUSION**

**¶9** The adjudication and disposition are affirmed. The filing of this decision ends counsel's obligation to represent C.D. in this appeal. Counsel need only inform C.D. of the outcome of the appeal and her future options, unless counsel finds an issue that would merit a petition for review to the Arizona Supreme Court. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984); Ariz. R. P. Juv. Ct. 609.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**: JT